# IN THE COURT OF APPEALS OF IOWA

No. 15-2003
Filed February 24, 2016

**IN THE INTEREST OF T.S.,**
**Minor Child,**

**T.S., Father,**
**Appellant,**

**J.R., Mother,**
**Appellant.**
_____

Appeal from the Iowa District Court for Warren County, Mark F. Schlenker, Judge.

A father appeals from a juvenile court order terminating his parental rights to his one-year-old son. **AFFIRMED.**

Karen Taylor of Taylor Law Offices, Des Moines, for appellant father.

Joanne Picray of Picray Law, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

M. Kathryn Miller of the Juvenile Public Defender, Des Moines, for minor child.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

A father struggling with a methamphetamine addiction challenges the juvenile court order terminating his parental rights to his one-year-old son, T.S. At trial, the father unsuccessfully sought to delay the child's permanency for an additional six months so that he could secure a job, find stable housing, and participate in substance abuse treatment. On appeal, the father challenges the statutory grounds for termination; contends severing their relationship is not in his son's best interests; and asserts because the child is living with a family friend, his routine would not be disrupted if the father had more time to work toward reunification.

Like the juvenile court, we see "very little evidence" in the record the father would perform differently in the next few months of T.S.'s life than he did in the first nine months. Accordingly, an extension is not warranted. The record supports a statutory basis for terminating the father's parental rights and it is in T.S.'s best interests to move promptly toward a stable, long-term placement.

## I.  Facts and Prior Proceedings

T.S. was born in April 2014; his mother used methamphetamine throughout the pregnancy, not realizing she was pregnant until one month before T.S. was born. The father used methamphetamine alongside the mother. At eight months of age, T.S. suffered a head injury during an incident of domestic violence; his mother threw things at his father, who was holding T.S. on his lap. After that incident, the juvenile court adjudicated T.S. as a child in need of assistance (CINA) on February 25, 2015. The Iowa Department of Human Services (DHS) removed T.S. from his father's custody on February 27, 2015,

suspecting the father was using methamphetamine while caring for the child. T.S. has been in foster care since March 2015.

After the child's removal, the father tested positive for methamphetamine. In April 2015, the father followed the DHS recommendation to obtain a substance abuse evaluation and then started treatment. In May 2015, the father received a deferred judgment on a pending third-degree burglary charge and was placed on probation. During the summer of 2015, the father lived in a tent on the fairgrounds in Polk County and worked at a fast food restaurant. During this time, the father had twice-weekly visits with T.S. The father bonded with the child, and social workers did not have concerns about his parenting skills. But the father was not dependable; he would arrive late, leave early, or miss visits altogether. The visits never advanced beyond fully supervised.

Then on August 31, the father was arrested on new criminal charges, including possession of methamphetamine, theft, and interference with official acts. He remained in jail until September 29, 2015—missing eight visits with T.S.

Meanwhile, on August 25, 2015, the State filed a petition to terminate the parental rights of both the mother and the father, alleging grounds under Iowa Code sections 232.116(h) and (*l*) (2015). Both parents testified at the termination hearing held on October 8, 2015. The father acknowledged missing one of three outpatient substance abuse treatment sessions since his release from jail. His new criminal charges were still pending at the time of the termination hearing. On November 9, 2015, the juvenile court issued an order terminating the rights of

both parents on the grounds alleged in the State's petition. The father appeals.[1]

## II. Standard of Review

Our review of juvenile court orders terminating parental rights is de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We are not bound by the juvenile court's findings of fact, but we give them weight, particularly when assessing witness credibility. *Id.* We will uphold an order severing the parent-child relationship if the record contains clear and convincing evidence to support at least one ground for termination under Iowa Code section 232.116(1). *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Evidence is "clear and convincing" when there are no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.*

## III. Analysis of Father's Claims

The juvenile court relied, in part, on Iowa Code section 232.116(1)(h) when terminating the father's parental rights. That subsection requires proof the child is three years of age or younger, has been adjudicated CINA, has been removed from the parent's physical custody for at least six months of the last twelve months, and cannot be returned to the parent's custody "at the present time." Iowa Code § 232.116(1)(h). We find clear and convincing evidence to support that decision.[2]

The record shows the father was unable to resume custody of T.S. at the time of the termination hearing, and, in fact, the father did not ask for that result.

---

[1] The supreme court dismissed the mother's appeal for failure to comply with the filing deadlines.

[2] We can affirm on any ground relied upon by the district court and supported by the record. *In re D.W.*, 791 N.W.2d at 707.

Rather, his only request of the juvenile court was for a six-month extension so he could "get [his] sobriety, . . . get done with [his] treatment, and get into appropriate housing." On appeal, the father argues the juvenile court erred in terminating his rights under paragraph (h) because the State did not prove by clear and convincing evidence the child cannot be returned "within a relatively short period of time." That is not the language of the statute. The State met its burden to show the child could not be presently reunited with his father.

The father also argues "there would be no disruption to the child" in the event the father was given additional time to demonstrate sobriety because T.S. is in the care of a close family friend. To extend placement for six months, section 232.104(2)(b) requires the court to make a determination the cause for removal will be remedied at the end of the extension. *See In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005). In this case, an experienced DHS case worker opined that the father's substance abuse history suggested an additional six months would not be enough time to ensure sobriety and stability. The worker was concerned about the "up and down" nature of the father's participation in services and his relapses during the course of the CINA case. In her words: "the plans never seem to follow through." We credit her testimony on appeal.

In his final argument, the father urges termination is not in T.S.'s best interest. In deciding what is in T.S.'s best interest, we give primary consideration to his safety; the best placement for furthering his long-term nurturing and growth; and to his physical, mental, and emotional condition and needs. *See* Iowa Code § 232.116(2). We glean insight for the determination of a child's long-

range best interest from evidence of a parent's past performance because that performance indicates the quality of future care that parent is capable of providing. *In re C.B.,* 611 N.W.2d 489, 495 (Iowa 2000). The father's past performance is not reassuring. The father persisted in his methamphetamine use and criminality while his young son waited in foster care. T.S. was out of his care from late February until the October termination hearing, but the father had yet to achieve real progress in treating his addiction or obtaining suitable housing. We agree with the juvenile court's assessment that termination of the father's parental rights provides T.S. with "a better chance at achieving permanency and stability in his life." The case worker testified the family friend may be a viable long-term placement for T.S. Finally, no factor in section 232.116(3) weighs against termination.

**AFFIRMED.**